UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID MEINIKA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:23-cv-512 |
| | ) |
| SYMETRA LIFE INSURANCE | ) |
| COMPANY and DuCHARME, | ) |
| McMILLEN AND ASSOCIATES, INC. | ) |
| GROUP LONG TERM DISABILITY | ) |
| PLAN, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW, the Plaintiff, David Meinika (the "Plaintiff" or "Mr. Meinika"), by and through the undersigned counsel, Nicholas T. Lavella, to file this Complaint against the Defendants, Symetra Life Insurance Company and DuCharme, McMillen and Associates, Inc. Group Long Term Disability Plan, and as cause therefore states as follows:

### **I. JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2. David Meinika is a resident of Columbia City, Indiana, and a citizen of the State of Indiana.

1

3. Symetra Life Insurance Company ("Symetra") is an insurance corporation with its headquarters and principal place of business located in Bellevue, Washington. Symetra is incorporated in the State of Washington. Symetra is doing business in Indiana.

4. Symetra issued a group disability insurance policy (the "Policy") to DuCharme, McMillen and Associates, Inc ("DMA"). DMA is the Plan Administrator. In the Policy, Defendants promise to pay disability benefits to employees of DMA if they are unable to work due to sickness or injury.

5. As an employee of DMA, Mr. Meinika is insured by the Policy.

6. The Policy is delivered in the Northern District of Indiana.

7. Venue in the Northern District of Indiana is appropriate by virtue of the Policy being delivered in this District and the group long term disability plan being administered in this District.

## II. FACTUAL ALLEGATIONS

8. Mr. Meinika was an employee of DMA since 1987, and served as President or Chief Executive Officer ("CEO") starting in 1996.

9. On October 2, 2017, Mr. Meinika was forced to step down from his CEO position due to numerous disabling health conditions including lumbar degenerative disc disease with history of multiple lumbar fusions and spinal cord stimulator implant, cervical degenerative disc disease with history of two fusions, spinal stenosis and lumbar radiculopathy and spondylosis, thoracic back pain, osteoarthritis of the spine with muscle spasm, failed back syndrome, and poorly controlled chronic pain.

10. Mr. Meinika attempted to work on a part-time basis starting in October 2017. By April 2018, Mr. Meinika was forced to resign from DMA due to his disabling health condition.

11. When Mr. Meinika became disabled, he applied for long-term disability ("LTD") benefits provided to employees of DMA and insured by Symetra.

12. Plaintiff's claim for LTD benefits was approved and benefits began December 31, 2017.

13. On September 28, 2018, Symetra informed Mr. Meinika that his LTD benefits would be terminated because he did not prove that he continued to meet the definition of "Disability."

14. On March 25, 2019, Mr. Meinika appealed Symetra's denial of LTD benefits with additional medical evidence and statements from treating physicians, and Symetra overturned its previous termination and reinstated payment of his LTD benefits.

15. Symetra continued to find that Mr. Meinika was disabled and approved ongoing payment of LTD benefits after various reviews of updated medical evidence.

16. During the course of his disability claim, Mr. Meinika has also been diagnosed with additional conditions that impair his ability to work, including: osteoarthritis of the joints including left ankle and bilateral shoulders, obstructive sleep apnea, mild neurocognitive disorder, chronic Lyme disease, and co-morbid conditions (hypertension, hyperlipidemia, hypothyroidism, hypertensive heart disease with palpitations, body mass index between 30-35).

17. On April 27, 2022, Symetra issued a letter stating that LTD benefits are not payable beyond April 29, 2022 as Mr. Meinika no longer meets the Policy's definition of "Disability."

18. Symetra reviewed Mr. Meinika's LTD claim under the following definition of "Disability" found in the Policy:

    ***Disabled/Disability*** means our determination that your sickness or injury:

> - *Prevents you from performing with reasonable continuity the material and substantial duties of your regular occupation and a reasonable employment option offered to you by the employer; and*
> - *As a result, the income you are able to earn is less than or equal to 80% of your pre-disability earnings.*
>
> ***Material and substantial duties*** *are the duties that:*
> - *Are normally required for the performance of the occupation; AND*
> - *Cannot be reasonably omitted or changed.*
>
> ***Regular occupation*** *means the occupation, as it is performed nationally, that you are routinely performing when your disability begins. Your regular occupation does not mean the job you are performing for a specific employer or at a specific location.*

19. On October 26, 2022, Symetra extended the LTD appeal deadline to October 24, 2023 unless the COVID-19 National Emergency is declared to have ended before then.

20. After the Department of Labor announced that the COVID-19 National Emergency ended on May 11, 2023 and extensions for employee benefit plans end after July 10, 2023, Mr. Meinika timely appealed Symetra's termination of LTD benefits on July 10, 2023.

21. In his July 10, 2023 appeal, Mr. Meinika provided Symetra with more evidence that he continues to meet the Policy's definition of "Disabled." This includes a statement by Dr. Michael Dorwart, a pain management specialist, who found Mr. Meinika has constant interference with attention and concentration, a statement by Heather Ward Nurse Practitioner who found Mr. Meinika can sit for about two hours total in an eight hour work day and stand or walk less than two hours total in an eight hour work day, and a narrative statement by Karen Barile Nurse Practitioner describing ongoing symptoms of fatigue, brain fog, joint pain, anxiety, digestive issues, poor sleep, and fluid in his legs with blood pressure spiking. Mr. Meinika's appeal provided updated medical records from his primary care provider (Dr. Lisa Hatcher), Cleveland Clinic, his pain

management provider (Dr. Michael Dorwart), and Case Integrative Health Records (Dr. Casey Kelley).

22. In response to an occupational analysis completed by Symetra, Mr. Meinika provided Symetra a vocational report completed by Michael Blankenship, a vocational rehabilitation specialist. Mr. Blankenship concluded that some of the work restrictions posed by Symetra's peer reviewing physician, Dr. Togliatti – which included stringent time frames for how long Mr. Meinika could sit, stand, and walk – are not consistent with the Dictionary of Occupational Titles ("DOT") and would prevent the performance of work as a CEO/President.

23. On October 27, 2023, Symetra issued a letter denying Mr. Meinika's LTD appeal. In its denial letter, Symetra cited to portions of the medical records found within the claim file and that were received during the appeal process. In a summary of its initial denial review, Symetra relied upon the reviews of multiple record reviewing physicians who found certain work restrictions, but opined that Mr. Meinika could still sit up to 8 hours per workday with the "ability for self-positional change as necessary or comfort." After reviewing Mr. Meinika's appeal, Symetra stated that it referred his filed to a neuropsychological record reviewer (Dr. Critchfield) and physician reviewer certified in physical medicine and rehabilitation (Dr. Togliatti). Dr. Critchfield did not find any work restrictions. Dr. Togliatti found that Mr. Meinika could sit no longer than 1-3 hours at a time with the ability to get up and stretch or change position as needed, among other work restrictions and limitations. Symetra then relied upon an occupational reviewer who found that Mr. Meinika could work as a CEO/President according to the work restrictions identified by Dr. Togliatti. Another record reviewer, Dr. Nowosielski, reviewed the file

with the specialty of an Internist. Dr. Nowosielski stated that Mr. Meinika "should be allowed to change positions at will throughout the workday as necessary for comfort", among other work restrictions. The vocational reviewer opined that Mr. Meinika could work as a CEO/President with the restrictions identified by Dr. Nowosielski.

24. Despite clear and supportive evidence showing that Mr. Meinika's condition did not improve since Symetra found him disabled from 2017 to April of 2022 and that he remains disabled from performing the material and substantial duties of a CEO/President, Symetra refuses to pay Mr. Meinika's LTD benefits. Symetra failed to consider the severity of Mr. Meinika's chronic and severe pain that persists despite numerous fusions to both his lumbar and cervical spine with implantation of spinal cord stimulator. Further, Symetra failed to properly consider observations from Mr. Meinika's doctors that he is in pain with sitting for even 60 minutes at an office visit and exhibits an unsteady gait. Rather, Symetra based its decision on contracted record-reviewing physicians and vocational consultants who never examined or spoke with Mr. Meinika. Symetra's denial of disability benefits and appeal denials result in an arbitrary and capricious determination of benefits. Symetra's reliance on the review by its own employees or contracted reviewers unfairly biased its claims determination leading to a wrongful denial of benefits. As a result of the denial of benefits, Mr. Meinika continues to suffer from serious financial and emotional distress, in addition to his physically disabling conditions.

25. The Plan has failed to properly administer, review, and pay LTD benefits as promised by the Policy.

### III. CLAIM FOR RELIEF

**WRONGFUL TERMINATION OF LONG-TERM DISABILITY BENEFITS**

26. Since April 29, 2022, Mr. Meinika remains unable to perform the material duties of his regular occupation as a CEO/President.

27. Mr. Meinika provided the Defendants with ample medical evidence to verify his disability under the Policy.

28. The Defendants have intentionally and without reasonable justification denied Mr. Meinika's LTD benefits in violation of the Policy and ERISA.

WHEREFORE, the Plaintiff, David Meinika, requests that this Honorable Court enter Judgment:

A. Finding that Plaintiff is entitled to past-due LTD benefits and ordering the Defendants to pay the past-due benefits.

B. Finding that Plaintiff is entitled to continuing LTD benefits and ordering the Defendants to pay future monthly benefits as they become due.

C. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid.

D. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendants' wrongful denial of benefits.

E. Awarding all other relief as may be just and appropriate.

Respectfully Submitted,

Nick Lavella,
 /s/ Nick Lavella

Keller & Keller, LLP
2850 N. Meridian St.
Indianapolis, IN 46208
NLavella@2Keller.com
(317) 926-1111
Fax: (317) 926-1411